UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PATTY CARAMBOT, Ph.D., | |
| Plaintiff, | 24-CV-841 (JPO) (BCM) |
| -against- | **ORDER** |
| NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, et al, | |
| Defendants. | |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __01/14/26__

**BARBARA MOSES, United States Magistrate Judge.**

Plaintiff's December 19, 2025 letter-motion seeking the Court's "intervention pursuant to Rule 37" regarding defendants' "failure to preserve, account for, and produce in full video and audio evidence" documenting the October 13, 2023 meeting at which her employment was terminated, Pl. Mot. (Dkt. 78) at 1, is DENIED.

Defendants deny that any recordings of the October 13 meeting were made – other than security footage showing plaintiff leaving the meeting room, which has been produced – and have provided sworn interrogatory answers consistent with that position. Def. Opp. (Dkt. 80) at 1-3 & Ex. A. Plaintiff maintains that the event was "recorded in full," Pl. Mot. at 2, and accuses defendants of trying to "truncate or obscure the full scope of what occurred during and after the termination meeting." *Id*. However, plaintiff supports her letter-motion (signed by her attorney) only with copies of prior correspondence in which the same attorney made the same assertions. *Id*. Exs. 1, 2. Similarly, in her reply letter (Pl. Reply) (Dkt. 82), plaintiff does not offer any admissible evidence to show that the additional recordings she seeks were ever made.[1]

It is well-settled that "[t]he burden is on the party seeking to compel discovery to cast doubt on the responding party's assertion that it does not have the requested information." *Gary Friedrich*

---

[1] Plaintiff is free to take the depositions of the two representatives of her employer who attended the October 13 meeting (*see* Dkt. 84 at 12), but has not yet done so.

*Enters., LLC v. Marvel Enters., Inc.*, 2011 WL 2623458, at *1 (S.D.N.Y. June 21, 2011); *see also In re Terrorist Attacks on Sept. 11, 2001*, 2018 WL 4062638, at *2 (S.D.N.Y. Aug. 27, 2018) (denying motion to compel production of additional documents regarding certain entities because the moving parties "have not pointed to any concrete evidence suggesting that additional documents regarding these entities even exist"); *Hannah v. Wal-Mart Stores, Inc.*, 2014 WL 3735613, at *4 (D. Conn. July 28, 2014) (party seeking production of electronic documents must "make a concrete showing" that "responsive and relevant documents exist").

Similarly, where – as here – a party seeks discovery on discovery,[2] the movant must "provide an adequate factual basis to justify" that discovery. *Grant v. Witherspoon*, 2019 WL 7067088, at *1 (S.D.N.Y. Dec. 23, 2019) (quoting *Winfield v. City of New York*, 2018 WL 840085, at *3 (S.D.N.Y. Feb. 12, 2018)). More generally, courts must "closely scrutinize" requests for discovery on discovery, "in light of the danger of extending the already costly and time-consuming discovery process *ad infinitum.*" *Winfield*, 2018 WL 840085, at *3 (quoting *Mortgage Resolution Servicing, LLC v. JPMorgan Chase Bank, N.A.*, 2016 WL 3906712, at *7 (S.D.N.Y. July 14, 2016)); *see also Freedman v. Weatherford Int'l Ltd.*, 2014 WL 3767034, at *2-3 (S.D.N.Y. July 25, 2014) (denying plaintiffs' request to compel defendants to produce reports concerning the results of their electronic document searches because plaintiffs failed to proffer "an adequate factual basis

---

[2] Plaintiff requests, among other things, that defendants be required to "provide a sworn certification . . . identifying all video, audio, and electronic materials relating to Plaintiff's October 13, 2023 termination, including but not limited to recordings, Webex logs, metadata, device-level videos, and surveillance systems." Pl. Mot. at 3. If such materials once existed but now do not, plaintiff requests that the Court order defendants to prepare "a detailed declaration describing when, how, and by whom such materials were deleted or rendered unavailable, and why preservation was not effectuated[.]" *Id*. In her reply brief, plaintiff adds a request for a Rule 30(b)(6) deposition of an "official with knowledge" of the available recording systems in use on October 13, 2023, in order to investigate whether any recordings were created and "what preservation steps were taken following Plaintiff's termination." Pl. Reply at 4.

for their belief that the current production is deficient"), *adhered to on reconsideration,* 2014 WL 4547039 (S.D.N.Y. Sept. 12, 2014).

Plaintiff has not "pointed to any concrete evidence" suggesting that defendants ever created the additional recordings that she seeks. *In re Terrorist Attacks on Sept. 11, 2001*, 2018 WL 4062638, at *2. She has therefore failed to "cast doubt on the responding party's assertion that it does not have the requested information," *Gary Friedrich Enters.*, 2011 WL 2623458, at *1, and failed provide an "adequate factual basis" to justify discovery on discovery as to these issues. *Grant*, 2019 WL 7067088, at *1; *see also, e.g.*, *Leftridge v. Bourgeois*, 2012 WL 860370, at *1 (D. Conn. Mar. 13, 2012) (denying plaintiff's motion for production of "additional videotape evidence recorded from the defendant's vehicle on the date of the alleged racial profiling incident" – and related relief – where defendant "represented that no additional relevant video exists," and there was "no competent evidence in the record" to support plaintiff's contrary allegation).

Plaintiff is, of course, free to ask about the creation and/or preservation of additional recordings of the October 13, 2023 meeting at the upcoming depositions, and may renew her motion if she develops evidence to support her belief that responsive recordings exist (or once existed) but were not produced. *See Hannah*, 2014 WL 3735613, at *4 (giving plaintiffs "one more chance" to make the required "concrete showing" that "other responsive and relevant documents exist").

The Clerk of Court is respectfully directed to close the motion at Dkt. 78.

Dated: New York, New York          **SO ORDERED.**
       January 14, 2026

_____
**BARBARA MOSES**
**United States Magistrate Judge**

3