

**THE CITY OF NEW YORK**
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**MURIEL GOODE-TRUFANT**
*Corporation Counsel*

**Elisheva L. Rosen**
*Litigating Senior Counsel*
Phone: (212) 356-3522
Fax: (212) 356-2349
Email: erosen@law.nyc.gov

**<u>BY ECF</u>**
January 21, 2026

Honorable Barbara Moses
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

# MEMO ENDORSED

Re:  <u>Carambot v. New York City Health + Hospitals Corporation, et. al.</u>
24-CV-00841

Dear Judge Moses:

Defendants New York City Health and Hospitals Corporation d/b/a NYC Health + Hospitals ("H+H"), Dr. Patricia Yang, Dr. Virginia Fineran, and Jessica Laboy (collectively "Defendants") submit this letter, in accordance with Rule 2(e) your Honor's Individual Practices, to respectfully seek clarification and/or reconsideration of the January 13, 2026 Order (the "Order," ECF Dkt. No. 84) to the extent it pertains to former Department of Correction Assistant Commissioner Jonathan Levine and former Department of Correction Assistant Commissioner Thomas Griffin.

A motion for reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." <u>Shrader v. CSX Transp.</u>, 70 F.3d 255, 257 (2d Cir. 1995). "[A] a party seeking reconsideration must show either 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" <u>Mccaffrey v. Gatekeeper USA, Inc.</u>, 2022 U.S. Dist. LEXIS 80316, at *2-3 (S.D.N.Y. 2022). (quoting <u>Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.</u>, 956 F.2d 1245, 1255 (2d Cir. 1992)).

Defendants request clarification of the Order in light of the fact that the sole institutional defendant, H+H, did not employ Levine or Griffin. In the Order, the Court notes "If defendants are unwilling or unable to 'produce' the former Assistant Commissioners (or any other witnesses who are no longer employed at HHC), plaintiff will of course be required to serve them with subpoenas in accordance with Fed. R. Civ. P. 45(a)-(c)." Order at fn. 2. In doing so, the Court appears to be under the mistaken impression that Levine and Griffin worked for defendant H+H.

1

This is incorrect; Levine and Griffin were employed by the City of New York at the Department of Corrections.

As explained in Defendants' moving papers, the City – and by extension the Department of Corrections – are not parties to the litigation. The Court previously dismissed all claims against the City of New York, Wilma Soto, and Louis Molina and dismissed them from this lawsuit. See Opinion and Order, ECF Dkt. No. 44. Moreover, neither Levine nor Griffin presently work for the City or the Department of Corrections, each of which are non-parties to the litigation. Given that, H+H lacks the capability and authority to direct or otherwise facilitate Levine and Griffin's appearance for the depositions. See, e.g., Acevedo v. City of N.Y., 2025 U.S. Dist. LEXIS 191852, at *11-12 (S.D.N.Y. 2025) (well established that H+H and the City of New York are separate legal entities).

Thus, Defendants respectfully request clarification as to whether the Court is ordering H+H to produce non-parties and non-employees Griffin and Levine for deposition. To the extent the Court is ordering H+H to produce Griffin and/or Levine, H+H also respectfully requests that the issue of Levine and Griffin's depositions be revisited if, after a collection of Plaintiff's work email, no corroborating emails are located.

I thank the Court for its time and consideration of this matter.

Respectfully submitted,

/s/ Elisheva L. Rosen
_____
Elisheva L. Rosen
Litigating Senior Counsel

cc:     **By ECF**
Paul Oetken
United States District Judge

Samuel O. Maduegbuna, Esq.
Attorney for Plaintiff
Maduegbuna Cooper, L.L.P.
30 Wall Street, 8th Floor
New York, New York 10005
(212) 232-0155
sam.m@mcande.com

> The Court construes defendants' letter (Dkt. 86) as a request for clarification of its January 13, 2026 Order (1/13/26 Order) (Dkt. 84), which stated that "[i]f defendants are unwilling or unable to produce the former Assistant Commissioners . . . or any other witnesses . . . plaintiff will of course be required to serve them with subpoenas in accordance with Fed. R. Civ. P. 45(a)-(c)." 1/13/26 Order at 11 n.2. This language merely reiterates the standard discovery procedure under the Federal Rules for any party that seeks depositions of non-party witnesses. The 1/13/26 Order does not direct defendants to produce any witnesses who are not parties to this action or current employees of HHC. The Court, as always, encourages the parties to work cooperatively amongst themselves efficiently and expeditiously to facilitate the discovery process.
>
> January 22, 2026                    _____
>                                     **Barbara Moses**
>                                     **United States Magistrate Judge**

2