USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:   02/26/26

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PATTY CARAMBOT, Ph.D.,

        Plaintiff,

-against-

NEW YORK CITY HEALTH AND
HOSPITALS CORPORATION, et al,

        Defendants.

24-CV-841 (JPO) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

The Court has reviewed plaintiff's February 24, 2026 letter-motion (Dkt. 89), defendants' response (Dkt. 90), and plaintiff's reply. (Dkt. 91.) Mindful of the April 17, 2026 fact deposition deadline and the May 11, 2026 deadline to complete all fact discovery (*see* Dkt. 72 ¶ 4), plaintiff complains that defendants (i) have not yet produced any electronically stored information (ESI), nor the hit reports that they previously agreed to produce by December 12, 2025; (ii) have refused to confirm any deposition dates for March or April, on the ground that document discovery is not yet complete; and (iii) declined to meet and confer about either the ESI or the deposition scheduling. (Dkt. 89 at 1-2.) Plaintiff asks the Court to direct defendants to "immediately provide the agreed-upon ESI hit reports and commence rolling production forthwith"; to "[c]onfirm that depositions may proceed concurrently with document production"; and to "[d]irect Defendants to meet and confer in real time regarding deposition scheduling within a date certain." (*Id*. at 2.)

In response, defendants assert that (i) document production has been delayed by a host of "technological issues," including problems with counsel's ESI platform, and by plaintiff's proposed search terms, which are "so broad that they have crashed the system"; (ii) "it is inefficient to schedule depositions until paper discovery and electronic discovery is completed"; and (iii) it was "not prudent to meet and confer until after Plaintiff responded to Defendants' February 9, 2026 deficiency letter" (which apparently did not reach plaintiff's counsel until defendants re-sent it on

February 24, 2026). (Dkt. 90 at 1-2.) As to the ESI issue, defendants report that they ran a narrowed set of search terms on February 23, 2026 (two and a half months after the date on which they originally agreed to serve a hit report), identifying about 29,000 document families, which will now need to be processed in order to generate a hit report. (*Id*. at 2.) Defendants do not provide any schedule for the production of either the hit report or responsive ESI. Defendants add that their counsel has many "competing responsibilities," including 14 other cases in active discovery, and must prioritize older cases. (*Id*. at 3.)

In reply, plaintiff argues that (i) "[t]echnical complications" with ESI production do not "excuse complete silence or failure to provide updated timelines" for ESI collection and production; (ii) given the April 17 deadline for fact depositions, and the competing commitments of counsel for both sides, "[h]olding [deposition] dates now is essential to ensure compliance with the discovery deadline"; and (iii) the refusal of defendants' counsel to meet and confer violated this Court's Individual Practices and necessitated plaintiff's letter-application. (Dkt. 91 at 1-3.) Plaintiff adds that defendants are not entitled to "condition a meet and confer on the other party first responding to a separate discovery dispute," and that the existence of other cases managed by defendants' counsel does not relieve her of "the obligation to respond promptly and confer in good faith in this one." (*Id*. at 2-3.)

No conference is required. After carefully considering the parties' letters, and finding good cause, the Court hereby ORDERS as follows:

1.  No later than **March 5, 2026**, the parties' counsel of record must meet and confer in real time (in person, by telephone, or by videoconference) for a minimum of 45 minutes, to discuss the issues raised in plaintiff's letter-motion in a good-faith effort to resolve those issues cooperatively. If counsel cannot agree on when and where to meet, they must appear in Courtroom 20A at **4:00 p.m. on March 4, 2026**, with

their relevant case files, for a supervised meet-and confer. In the future, counsel must comply with Moses Ind. Prac. § 2(b), including the requirement that they "respond promptly and in good faith to a request from another party to meet and confer[.]" Although a formal "deficiency letter" can be helpful, particularly where there are multiple discovery issues to address, there is no requirement that such a letter be sent in advance of a meet-and-confer request – particularly where, as here, the primary problem, from plaintiff's perspective, was the absence of any ESI discovery whatsoever (and, apparently, very little explanation for the delay). Plaintiff is correct, moreover, that a party may not condition its own discovery obligations on what it believes to be satisfactory performance of the opposing party's obligations.

2.  In light of the technical difficulties described by defendants, the discovery and other pretrial deadlines set forth in Dkt. 72 are hereby EXTENDED for 30 days, as follows:

| | |
|---|---|
| Fact depositions: | **May 18, 2026** |
| All remaining fact discovery: | **June 10, 2026** |
| Expert disclosures: | **July 8, 2026** |
| Rebuttal expert disclosures: | **August 3, 2026** |
| Expert depositions: | **September 2, 2026** |
| Close of all discovery: | **September 2, 2026** |

3.  Notwithstanding these extended deadlines, defendants must provide the requested hit report no later than **March 9, 2026**, after which the parties may need to meet and confer once again to determine whether any further narrowing or other

3

modification of the search terms would be appropriate, and defendants must promptly commence their rolling production of ESI.

4.     The parties must substantially complete document production no later than **April 17, 2026**.

5.     The parties must immediately commence scheduling depositions. The Court agrees that it is generally more efficient to *conduct* depositions after document discovery is substantially complete, but *scheduling* should begin now, particularly in light of the busy schedules of counsel and (no doubt) the witnesses. If plaintiff wishes to start taking depositions prior to the substantial completion of document discovery, she may do so, but she should not expect a second session with any witness she has chosen to examine early, absent exceptionally compelling circumstances.

6.     The status conference previously scheduled for April 20, 2026, is rescheduled to **May 21, 2026 at 11:00 a.m.** The parties' joint status letter is now due no later than **May 14, 2026**.

Plaintiff's letter-motion (Dkt. 89) is GRANTED IN PART as specified above. Any relief not expressly granted herein is DENIED.

Dated: New York, New York          **SO ORDERED.**
       February 26, 2026

_____
**BARBARA MOSES**
**United States Magistrate Judge**