UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PATTY CARAMBOT, Ph.D.,

　　　　　Plaintiff,

　　-against-

NEW YORK CITY HEALTH AND
HOSPITALS CORPORATION, et al,

　　　　　Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __05/20/26__

24-CV-841 (JPO) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

For the reasons discussed at yesterday's discovery conference, plaintiff's letter-motion dated April 21, 2026 (Dkt. 95), which complains of deficiencies in defendants' production of electronically stored information (ESI) on April 16, 2026, and seeks leave to reschedule depositions of defendants' personnel that were scheduled for late April and early May – but that plaintiff unilaterally cancelled on the basis of those asserted deficiencies – is GRANTED IN PART, as set forth herein, and otherwise DENIED.

## ESI Production

Having considered the parties' pre-conference submissions, heard the arguments made by their counsel at the conference, and carefully reviewed the six email strings discussed in plaintiff's April 22, 2026 letter to defendants (Dkt. 102-1) and defendants' May 12, 2026 letter to plaintiff (Dkt. 106-1), the Court finds that in the course of implementing the parties' agreed-upon search terms to collect and review ESI from various custodians, defendants failed to include at least one such term ("death"), and as a result failed to collect and review at least one email which hit on that term.[1] Additionally, the Court finds that after performing a relevance review of the emails that were hit on by the search terms used, defendants failed to produce at least one email that should

---

[1] *See* email string Bate-stamped 000581-82.

have been deemed responsive to plaintiff's requests for production (RFPs), as narrowed by defendants' responses and objections to those RFPs: an email from plaintiff complaining about staff departure and "increasing difficulties with providing quality care for our patients."[2]

Both of these omissions appear to have been inadvertent. Moreover, as the Court previously noted, *see* Dkt. 105 at 7, plaintiff's attorney Samuel O. Maduegbuna acted precipitously in filing the letter-motion now before the Court without explaining (either to plaintiff's counsel or to the Court) what if anything he believed to be missing from defendants' production. Nonetheless, defendants must now review their April 16 ESI production, in order to determine whether any other agreed-upon search terms were omitted or improperly run; must run any such terms as agreed; and must promptly review the results and make any required supplemental production. Additionally, defendants must re-review the documents that were hit on by the agreed-upon search terms – but not produced on relevance grounds – and produce those which, upon re-review, are in fact within the scope of plaintiff's RFPs, as narrowed by defendants' responses and objections.

In connection with this review, the parties must promptly meet and confer in a good-faith effort to agree upon the appropriate proximity connectors for "death" (and any other agreed-upon search terms that were not previously run). If they cannot agree by **May 27, 2026**, defendants must use the same proximity connectors that they used for the term "staffing."

Defendants must complete their supplemental ESI production no later than **June 10, 2026**.

### Depositions

The Court further finds that plaintiff's counsel acted unreasonably in unilaterally canceling four previously-scheduled depositions on the ground that defendants' ESI production was

---

[2] *See* email string Bate-stamped 000697-99.

incomplete.[3] Attorney Maduegbuna first raised the possibility of cancelling the Soto deposition on Thursday, April 16, 2026 (the day before the deadline for defendants' ESI production), writing, "We cannot proceed with Soto's deposition on Monday [April 20] without receipt and review of the ESI[.]" Dkt. 95-5 at ECF p. 2. Defendants' counsel, Elishiva Rosen, responded, "My goal is to have the ESI out by end of today[.]" *Id*. At 4:43 that afternoon, Rosen did in fact provide defendants' ESI production to Maduegbuna, by email. *See* Dkt. 95-4 at ECF p. 2. At that point, Rosen had every reason to believe that the Soto deposition would go forward as scheduled.

Maduegbuna said nothing further regarding the Soto deposition until Saturday evening, April 18, at 6:21 p.m., at which point he sent Rosen an email asking for a revised hit report "so that we can assess completeness and ensure that all relevant ESI has been captured," and requesting "new dates for Ms. Soto's deposition, which was cancelled due to the delayed production of ESI." Dkt. 95-1 at ECF p. 7. In fact, the ESI production was not "delayed."[4] Moreover, Maduegbuna's Saturday evening email likely did not reach Rosen until Monday morning. As a practical matter, therefore, Maduegbuna cancelled the Soto deposition on the day it was scheduled to occur, on improper grounds. He then cancelled three more depositions over what now appear to be fairly minor deficiencies in defendants' ESI production.

Notwithstanding the unreasonable conduct of plaintiff's counsel, the Court rejects the solution proposed by defendants – namely, that plaintiff be deemed to have waived the right to conduct any of the four cancelled depositions – as too harsh. After weighing all of the facts and circumstances, the Court will permit plaintiff to reschedule and conduct three of the four

---

[3] Plaintiff canceled the depositions of Wilma Soto, scheduled for April 20; Stephanie Palmadesso, scheduled for April 22; defendant Jessica Laboy, scheduled for April 23; and defendant Virginia Fineran, Ph.D., scheduled for May 5, 2026.

[4] *See* Dkt. 92 ¶ 4 (requiring the parties to "substantially complete document production" by April 17, 2026).

depositions cancelled by her counsel. Plaintiff must inform defendants which three witnesses he intends to depose no later than **May 27, 2026**, at which point the parties must cooperate in good faith to schedule those depositions, as well as any remaining fact depositions.

### **Discovery Deadlines**

In light of the directives above, the parties' current discovery deadlines (*see* Dkts. 92, 94) are EXTENDED as follows:

| | |
|---|---|
| All fact discovery: | **July 31, 2026** |
| Expert disclosures: | **August 5, 2026** |
| Rebuttal expert disclosures: | **September 8, 2026** |
| Expert depositions: | **October 5, 2026** |
| Close of all discovery: | **October 5, 2026** |

The **July 9, 2026** discovery conference remains on calendar (*see* Dkt. 94), with the parties' joint status update letter due **July 2, 2026**.

The Clerk of Court is respectfully directed to close the motion at Dkt. 95.

Dated:  New York, New York          **SO ORDERED.**
        May 20, 2026

_____
**BARBARA MOSES**
**United States Magistrate Judge**

4