UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___6/8/26____

PATTY CARAMBOT, Ph.D.,

Plaintiff,

-against-

NEW YORK CITY HEALTH AND
HOSPITALS CORPORATION, et al,

Defendants.

24-CV-841 (JPO) (BCM)

**ORDER DENYING
RECONSIDERATION**

**BARBARA MOSES, United States Magistrate Judge.**

For the reasons that follow, plaintiff's May 21, 2026 letter-motion (Pl. Recon. Mot.) (Dkt. 110), asking this Court to reconsider a portion of its May 20, 2026 Order (5/20/26 Order) (Dkt. 109) will be denied.

### Background

On April 20, 2026, plaintiff Patty Carambot, Ph.D., filed a letter-motion seeking, among other things, leave to reschedule two depositions (of Wilma Soto, originally scheduled for April 20, 2026, and Jessica Laboy, originally scheduled for April 23, 2026) that her counsel had cancelled unilaterally due to suspected deficiencies in defendants' April 16, 2026 production of electronically stored information (ESI). *See* Dkt. 95 at 2-3. In their opposition letter-brief, defendants opposed any rescheduling, arguing that plaintiff had waived her right to take both depositions. *See* Dkt. 97 at 3-4. By the time the motion was conferenced, on May 19, 2026, plaintiff had unilaterally canceled a third deposition (of defendant Virginia Fineran, Ph.D., originally scheduled for May 5, 2026). *See* 5/20/26 Order at 3 n.3. During the conference, the Court was informed that a total of four depositions (including the deposition of Stephanie Palmadesso, originally scheduled for April 22, 2026) had been cancelled or postponed. *Id.*

On May 20, 2026, the Court granted plaintiff's motion in part. The Court found that plaintiff's attorney, Samuel O. Maduegbuna, improperly cancelled all four depositions "over what

now appear to be fairly minor deficiencies in defendants' ESI production." 5/20/26 Order at 3. However, the Court rejected the solution proposed by defendants as "too harsh," and instead ruled that plaintiff may "reschedule and conduct three of the four depositions cancelled by her counsel." *Id*. at 3-4.

### The Reconsideration Motion

Plaintiff now seeks reconsideration of the portion of the 5/20/26 Order limiting her to three of the four cancelled depositions. Pl. Recon. Mot. at 1. Relying on the same facts that were before the Court when it issued that order, plaintiff argues that her conduct was reasonable in context, *id*. at 1-3, because her counsel had "legitimate and ultimately substantiated concerns regarding the completeness and reliability of the ESI production." *Id*. at 3. Additionally, plaintiff notes that the Palmadesso deposition "was not unilaterally canceled," but was instead postponed on consent, because the witness was on jury duty. *Id*. at 3-4.

Defendants oppose the reconsideration motion, arguing that it is based on "the same alleged facts and baseless assertions" previously presented to and rejected by the Court. Def. Recon Resp. (Dkt. 111) at 1. As for the Palmadesso deposition, defendants agree that it was originally postponed because the witness was on jury duty, but assert that plaintiff thereafter "flatly refused to agree to new dates or otherwise schedule the deposition between May 8-20 because of the purported discovery deficiencies." *Id*. at 2.

In reply, plaintiff returns to the facts previously presented to and rejected by the Court, arguing – yet again – that the cancellations were reasonable because her counsel's "concerns regarding the completeness and reliability of the April 16 ESI production were ultimately substantiated." Pl. Recon. Reply (Dkt. 112) at 2. Additionally, plaintiff disputes defendants' characterization of the delay in rescheduling the Palmadesso deposition, asserting that it could not

be rescheduled between May 8 and May 20 because her counsel was on trial in another matter. *Id*. at 3.

## Discussion

As the parties recognize, reconsideration is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *De la Cruz v. Manhattan Parking Grp. LLC*, 2022 WL 3161770, at *2 (S.D.N.Y. Aug. 8, 2022) (quoting *Parrish v. Sollecito*, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003)). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995): *see also* Local Civ. R. 6.3 (party seeking reconsideration must set forth "concisely the matters or controlling decisions which [she] believes the court has overlooked"). A motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)). The decision to grant or deny a reconsideration motion "rests within the sound discretion of the district court," *Royal Park Investments SA/NV v. Deutsche Bank Nat'l Tr. Co.*, 2016 WL 5408171, at *1 (S.D.N.Y. Sept. 27, 2016) (quoting *Williams v. Rosenblatt Secs. Inc.*, 2016 WL 590232, at *4 (S.D.N.Y. Feb. 11, 2016)), and is reviewed "only for abuse of discretion." *Analytical Surveys*, 684 F.3d at 52.

Here – with one exception, discussed below – plaintiff's reconsideration motion simply rehashes the same facts and repeats the same arguments that she presented in her original motion papers and during the May 19, 2026 discovery conference. Plaintiff's hope for a different result this time does not entitle her to a "second bite at the apple." *Analytical Surveys*, 684 F.3d at 52.

3

Plaintiff does identify one fact that the Court overlooked or misapprehended when issuing the 5/20/26 Order: that her counsel did not unilaterally cancel the Palmadesso deposition. The Court also accepts – for present purposes – that the delay in rescheduling that deposition was due to counsel's trial schedule, not to the suspected ESI production deficiencies that he relied on to cancel the Soto, Laboy, and Fineran depositions. *See* Pl. Recon. Reply at 3. However, this is not a "matter[] . . . that might reasonably be expected to alter the conclusion reached by the court," *Shrader*, 70 F.3d at 257, because it does not affect the Court's conclusion that attorney Maduegbuna acted unreasonably when he unilaterally cancelled the Soto, Laboy and Fineran depositions, on short notice, over suspected deficiencies in defendants' ESI production that counsel could not (or did not) explain at the time of the initial cancellations, and that thus far have not been shown to be significant.

As explained in this Court's prior orders, defendants timely produced 295 pages of ESI on Thursday afternoon, April 16, 2026 – one day before the April 17, 2026 deadline for substantial competition of all written discovery. *See* 5/12/26 Order (Dkt. 105) at 7. Thereafter, attorney Maduegbuna said nothing about that ESI production (or the Soto deposition) until Saturday evening, April 18, when he sent an after-hours email to defendants' counsel requesting a "hit report," so that he could "assess completeness and ensure that all relevant ESI has been captured," and advised that the Soto deposition (scheduled for Monday, April 20), was "cancelled due to the delayed production of ESI." 5/20/26 Order at 3; Dkt. 95-1 at 7-8 (April 18 email). That email likely did not reach defendants' counsel (or Soto) until Monday morning, April 20. "As a practical matter, therefore, Maduegbuna cancelled the Soto deposition on the day it was scheduled to occur, on improper grounds." 5/20/26 Order at 3.

On Tuesday, April 20, counsel moved this Court for discovery relief, but failed to explain in his moving letter why he believed that the April 16 ESI production was incomplete. On

4

Wednesday, April 22, he refused to proceed with the Laboy deposition (scheduled for the following day) "until the outstanding ESI issues . . . are resolved," *see* 5/12/26 Order at 7; Dkt. 97-5 at ECF pp. 2-3 (April 22 email), still without explaining what those "ESI issues" were. Later that day, attorney Maduegbuna sent defendants' counsel a deficiency letter identifying (for the first time) six email strings that plaintiff already possessed, but that, in her counsel's view, should also have been included in defendants' April 16 production. *See* 5/12/26 Order at 7; Dkt. 102-1 (deficiency letter). Then, on May 4, 2026, plaintiff's counsel cancelled the Fineran deposition (scheduled for the following day). *See* Dkt. 103-1 at ECF pp. 2-4 (May 4 emails between counsel). The Court later agreed that two of the email strings identified by plaintiff's counsel should have been produced by defendants, but found that the omissions were inadvertent, *see* 5/20/26 Order at 2, and that attorney Maduegbuna acted "precipitously" in cancelling the depositions and seeking relief from this Court "without explaining (either to plaintiff's counsel or to the Court) what if anything he believed to be missing from defendants' production." *Id*.

The fact that plaintiff's attorney unilaterally cancelled three (rather than four) depositions between April 18 and May 4, 2026 does not alter this Court's conclusion that his conduct was unreasonable. Moreover, the last-minute cancellations caused unnecessary hardship to the witnesses and to defendants' counsel, who had already prepared for the depositions and cleared their schedules. Thus, while plaintiff is free to reschedule and conduct the Palmadesso deposition (if she has not done so already), as well as two of the three depositions unilaterally cancelled by her counsel, plaintiff "has not met the high bar required for reconsideration." *Harriram v. City Univ. of New York*, 2024 WL 4553906, at *3 (S.D.N.Y. Oct. 22, 2024). Consequently, the Court

5

will not order defendants to re-produce all three of the witnesses whose depositions were unreasonably cancelled.[1]

### Conclusion

Plaintiff's reconsideration motion (Dkt. 110) is DENIED.

Dated: New York, New York
       June 8, 2026                                    **SO ORDERED.**

_____
**BARBARA MOSES**
**United States Magistrate Judge**

---

[1] In their opposition to the reconsideration motion, defendants request – as an alternative to denying that motion outright – that the Court limit the depositions of Soto and Palmadesso to two hours apiece. *See* Def. Recon Resp. at 3. The parties are free to make such an arrangement if they wish.

6